UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 02 CR 506 |
| ) | |
| LAWRENCE E. WARNER and ) | Judge Rebecca R. Pallmeyer |
| GEORGE H. RYAN, SR., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Defendants Lawrence E. Warner and George H. Ryan, Sr. are standing trial on a variety of federal charges, including violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(d), honest services mail fraud, 18 U.S.C. §§ 1341, 1346, extortion under the Hobbes Act, 18 U.S.C. § 1951, and money laundering. Ryan is separately charged with, among other things, interfering with the administration of the tax laws and willfully filing false tax returns in violation of 26 U.S.C. §§ 7212(a) and 7206(1). Ryan now seeks to dismiss the tax charges (Counts Eighteen through Twenty-Two), arguing that the government has violated his due process rights by failing to notify him of the specific acts and omissions constituting the offenses. For the reasons set forth here, the motion is denied.

## BACKGROUND[1]

The government has charged Ryan with obstructing the IRS in the correct reporting of income and the assessment and collection of taxes, and with filing false tax returns and amended

---

[1] The factual allegations are set forth in detail in this court's August 11, 2004 Memorandum Opinion and Order and will not be repeated here. *United States v. Warner*, No. 02 CR 506, 2004 WL 1794476, at *1-12 (N.D. Ill. Aug. 11, 2004). This opinion assumes the reader's familiarity with that earlier decision, as well as the court's rulings on numerous other motions *in limine* addressed on August 17, 2005 and September 23, 2005. *See United States v. Warner*, No. 02 CR 506, 2005 WL 2007151 (N.D. Ill. Aug. 17, 2005); *United States v. Warner*, No. 02 CR 506, 2005 WL 2367769 (N.D. Ill. Sept. 23, 2005).

returns that understated his gross income. (Second Superseding Indictment, Counts 18-22.) On March 8, 2004, Ryan moved for a bill of particulars seeking, in part, that the government be required to identify the line items within his tax returns that are allegedly false, or the income he allegedly failed to disclose. On August 11, 2004, the court granted the motion as follows: "For each of the years in which allegedly false tax returns were filed, the government is directed to identify in a general way what income Ryan improperly failed to report." *Warner*, 2004 WL 1794476, at *30.

Ryan acknowledges that in response to the court's order, the government provided information regarding "some of the kinds of acts and transactions Ryan allegedly took that the government contends violate" §§ 7212(a) and 7206(1). (Ryan Tax Motion, at 1.) On June 30, 2005, the government provided Ryan, at his request, a summary of IRS Revenue Agent Shari Schindler's expert testimony on tax matters pursuant to FED. R. CRIM. P. 16(a)(1)(G).[2] (Letter from L. Barsella to B. Lerman of 6/30/05, Group Ex. 1 to Ryan Tax Motion.) The letter identified the specific tax returns that allegedly contained false information; examples of Citizens for Ryan checks that were used to pay the personal expenses of Ryan and his family members; and examples of campaign funds contributed by Ryan supporters that went into the personal accounts or possession of Ryan or his family members. (*Id.* at 1-2.) The letter also disclosed expected testimony regarding "[c]ash and other financial benefits that were received by Ryan or Ryan's family members from individuals and that related to or were in connection with governmental decisions of Ryan [that] were to be reported to the IRS as income to Ryan." (*Id.* at 2.)

On October 8, 2005, in response to concerns raised by Defendant Ryan at trial, the government produced Agent Schindler's draft tax schedules with the understanding that Ryan's counsel will cross-examine her only on the final schedules introduced at trial, not the drafts. (Letter

---

[2] The court is uncertain whether Ms. Barsella's letter constitutes the government's only additional disclosure in response to the court's August 11, 2004 Order.

2

from L. Barsella to B. Lerman of 10/8/05, Group Ex. 1 to Ryan Tax Mem.) The schedules include several items not previously specified, "such as the 'Craig Pierce Payments,' various personal trips not previously referred to as being part of the tax case, and various payments to Nancy Smith that appear as payments to travel agencies." (Ryan Tax Mem., at 6.) In response to the concerns Mr. Ryan's attorneys voiced, (see Trial Transcript, October 6, 2005, at 3247-48), AUSA Barsella's letter noted that

> in response to the defense motion for a Bill of Particulars on the issue of undisclosed income, the Court directed the government "to identify *in a general way* what income Ryan improperly failed to report." Order of 8/11/04 (emphasis added). After the trial was continued to September 2005, you [defense attorney Brad Lerman] and I had a number of conversations regarding the parties' exchanging information about our expert witnesses and the substance of their expert testimony. Pursuant to these discussions, I sent you the enclosed June 30, 2005 letter, which complied both with Rule 16 and with the Court's order and identified in a general way Ryan's undisclosed income. You made no further motion to the Court, or had any further discussions with me, regarding any alleged right to additional or more specific information.

(*Id.* at 1.) Ms. Barsella further explained that final notice of the specific items of undisclosed income "can only be given once the government has all information relating to George Ryan's taxable income, which includes witness testimony, documents admitted into evidence, and also the withheld Kaplan documents,[3] which may bear directly on the issue of unreported income." (*Id.*)

Ryan now formally moves to dismiss the tax counts, arguing that he has not received a meaningful opportunity to prepare his defense.

## DISCUSSION

The due process clause requires that an indictment provide a defendant with notice of the charges against him and a description of the offense "so as to prevent further prosecution for the same offense." *United States v. Ocampo*, 890 F.2d 1363, 1373 (7th Cir. 1989). Ryan claims that he has not received proper notice regarding the tax charges because the government failed to

---

[3] In fact, on October 18, 2005, this court did overrule Ryan's objections to production of a large number of documents from the files of Attorney Howard Kaplan.

3

identify some of the disputed acts and transactions until October 8, 2005. (Ryan Tax Mem., at 2-3.) In support of this argument, Ryan cites several cases from other jurisdictions addressing the requirements for a bill of particulars in tax cases.

In *United States v. DeGroote*, 122 F.R.D. 131 (W.D.N.Y. 1988), for example, the court noted that the Second Circuit has "endorsed those cases in which '[b]ills of particulars have been quite freely granted in net worth and other tax evasion cases.'" *Id.* at 141 (quoting *United States v. O'Connor*, 237 F.2d 466, 476 n.10 (2d Cir. 1956)). The court thus granted the defendant's motion for particulars of "omitted income, including sources, dates of receipt, and manner of payment." *Id.* at 142. In reaching this conclusion, however, the court noted that other circuits, including the Seventh Circuit, "take a more restrictive approach." *Id.* at 141 (citing *United States v. Chapman*, 168 F.2d 997, 998-99 (7th Cir. 1948)) (bill of particulars disclosing that defendant expended monies in excess of his available declared resources in 1943 and derived other income from the illegal sale of meat at "overceiling prices" "sufficiently apprised [defendant] of the theory of the charge against him and of the general character of the evidence the Government expected to rely upon to sustain that charge. He was not entitled to more.")

In *United States v. Goldstein*, 56 F.R.D. 52 (D. Del. 1972), the court ordered the government to provide the defendants with "the date, amount, character and source" of reportable income that was unreported and/or understated in the defendant's tax returns for the years 1964, 1965, and 1966. *Id.* at 56. The court explained that "character" means "the Government must indicate whether each item is from pensions, rents, royalties, legal fees, dividends, interest, capital gains, farm income, etc." *Id.* at 56 n.10. With respect to the "source" disclosure, the court clarified as follows: "if dividends, the corporation issuing the dividend, if legal fee the client paying the fee, if rental income the property which produced it, etc." *Id.* at 56 n.11. *See also United States v. Bird*, 179 F. Supp. 467, 469 (S.D.W.Va. 1959) (noting that "the ends of justice would be fairly served if the bill of particulars identified the basic entries in the [tax] return which it challenged and identified

any alleged omission with sufficient specificity to enable the defendant to have available at the trial evidence relative to such claimed omission.")

Contrary to Ryan's suggestion, none of these cases supports dismissal of the tax charges against him. As the *DeGroote* court noted, the Seventh Circuit follows a more restrictive approach to the notice requirement in tax cases, requiring only an indictment that sets forth the elements of the offenses charged and "sufficiently apprises the defendant of the charges to enable him to prepare for trial." *United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003). "An indictment which includes each of the elements of the offense charged, the time and place of the accused's conduct which constituted a violation, and a citation to the statute or statutes violated is sufficient to pass this test." *Id.*

Ryan identifies three categories of tax evidence that he claims the government unfairly withheld: "the 'Craig Pierce Payments,' various personal trips not previously referred to as being part of the tax case, and various payments to Nancy Smith that appear as payments to travel agencies." (Ryan Tax Mem., at 6.) Notably, however, Ryan does not claim that any of this evidence relates to some new but previously undisclosed tax charge. To the contrary, the stated acts and transactions appear to constitute further evidence supporting the government's existing tax case. *Cf. United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988) (trial court erred in denying bill of particulars identifying the particular victims of each extortionate scheme where the indictment only identified schemes involving a single company and the defendant was newly confronted at trial with "evidence of extortions aimed at entirely different companies.") In that regard, a defendant is only entitled to be informed of the charges against him; he is not entitled to know the details of how the government will go about proving its case. *See United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981); *United States v. Glecier*, 923 F.2d 496, 502 (7th Cir. 1991).

5

Consistent with the court's August 11, 2004 Order, the government provided Ryan with general examples of the types of evidence it would seek to introduce in support of the tax charges. The government's failure to identify every single item of evidence in that regard did not deprive Ryan of his due process rights. Indeed, Ryan waited several months before objecting to the government's compliance with the court's August 11, 2004 Order, and has not yet explained how that response was inadequate. Ryan's motion to dismiss the tax counts is therefore denied. For similar reasons, the court declines to bar the admission of the disputed evidence.

## CONCLUSION

For the reasons stated above, Ryan's motion to dismiss the tax counts for lack of due process (Docket No. 369) is denied.

ENTER:

Dated: October 21, 2005

REBECCA R. PARLEYER
United States District Judge